**UNITED STATES of America, Appellee,**

**v.**

**Bobby Gilbert BAUCOM, Appellant.**

**No. 79–1663.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1979.

Decided Dec. 21, 1979.

Michael E. Durham, Finch & Durham, Little Rock, Ark., for appellant.

George W. Proctor, U. S. Atty. and Don N. Curdie, Asst. U. S. Atty., Little Rock, Ark., for appellee.

---

1. The Honorable William R. Collinson, United States District Judge, Western District of Missouri.

Before BRIGHT and McMILLIAN, Circuit Judges, and HUNTER,[*] District Judge.

PER CURIAM.

Appellant Bobby Gilbert Baucom appeals from a judgment entered in the District Court [1] for the Eastern District of Arkansas upon a jury verdict finding him guilty of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841(a), 846. Appellant was sentenced to a term of three years imprisonment and a special parole term of three years.

For reversal appellant argues the district court erred in denying his motion to suppress. For the reasons discussed below, we disagree with appellant and affirm the judgment of the district court.

The facts are substantially undisputed. Through a confidential informant named Doug Myrick, Drug Enforcement Administration agents and local police officers arranged drug transactions with an individual named Ed Meeks. Myrick informed the government agents that Meeks had identified appellant as his source. Upon instructions from the government agents, Myrick arranged to buy some cocaine from Meeks on June 15, 1978. Extensive surveillance of appellant and Meeks was arranged. Appellant's movements were consistent with the role of a drug supplier: he was observed entering a house while Meeks was there, leaving the house and returning to his house; he later returned to the house and presumably delivered the cocaine to Meeks. Later that afternoon Myrick met Meeks and Meeks made the delivery to undercover officer Jerry Roberts.

On June 22 Myrick informed the government agents that Meeks had just told him that Meeks and appellant were expecting the delivery of some cocaine. The cocaine would be delivered by someone arriving at the Little Rock airport the next day, June 23, at 4:00 p. m. Appellant was going to drive to the airport himself and meet the courier. Surveillance was arranged at the airport. Appellant was observed meeting a man subsequently identified as Johnny Lee Barker. Appellant and Barker were followed out of the airport terminal and arrested in the parking lot.[2] Government agents searched both men and found a quantity of cocaine in Barker's sock. The cocaine was introduced into evidence during appellant's trial.

Appellant argues that the district court erred in denying his motion to suppress the cocaine found in Barker's sock. Appellant argues the search was unlawful because the government agents did not have a search warrant. Appellant further argues that there was no probable cause to arrest and therefore the search cannot be justified as a search incident to a lawful arrest. The district court found that there was probable cause to arrest [3] and, in the alternative, that appellant lacked standing.

In our opinion the standing issue is dispositive. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois,* 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978), *citing Alderman v. United States,* 394 U.S. 165, 174, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969) (Fourth Amend-

---

[*] The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Richard S. Arnold, United States District Judge for the Eastern District of Arkansas.

2. Appellant argues that the government agents also searched appellant's car at the time of the arrest. The government strenuously denies that the car was searched. The portion of the record cited by appellant in support of the

automobile search claim is ambiguous at best. In any event, the challenged cocaine was found in Barker's sock and, even assuming the car was searched, nothing was found or introduced at trial.

3. Although the question is not before us in light of our disposition of the standing issue, our reading of the record supports the finding of the district court that there was probable cause to arrest.

ment rights are personal rights which may not be vicariously asserted). In the present case the cocaine was found in *Barker's* sock. The government agents found nothing when they searched appellant. Even assuming for the sake of argument that the search of Barker was unlawful, appellant cannot vicariously assert a violation of Barker's Fourth Amendment rights.[4]

Further, we note that this is not a case involving "automatic standing" under *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), in which the Supreme Court held that a defendant has automatic standing to challenge the legality of a search or seizure if charged with a crime that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure. *See, e. g., Brown v. United States*, 411 U.S. 223, 229, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973); *United States v. Salvucci*, 599 F.2d 1094, 1097 (1st Cir. 1979); *United States v. Hutchinson*, 488 F.2d 484, 492 (8th Cir. 1973), *cert. denied*, 417 U.S. 915, 94 S.Ct. 2616, 41 L.Ed.2d 219 (1974). Here, appellant was charged with *conspiracy* to possess with intent to distribute cocaine and not the substantive offense of possession or distribution. "[T]he offense of conspiracy does not include as an essential element possession of the seized evidence." *United States v. Hutchinson, supra*, 488 F.2d at 492; *cf. United States v. Prueitt*, 540 F.2d 995, 1004 & n.3 (9th Cir. 1976) (possession and importation), *cert. denied*, 429 U.S. 1063, 97 S.Ct. 790, 50 L.Ed.2d 780 (1977).

Accordingly, the judgment of the district court is affirmed.

---

4. Barker was an unindicted coconspirator in the present case. He was not a codefendant.